EL PUEBLO, APELADO, *v.* SOLARES, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 580.—Resuelto en abril 30, 1913.

ATAQUE CON INTENCIÓN DE COMETER ASESINATO—ACUSACIÓN—INTENCIÓN PREME-
DITADA DE MATAR.—Para que exista el delito de ataque con intención de come-
ter asesinato definido en el artículo 218 del Código Penal, es indispensable
que la agresión se verifique con la intención premeditada de matar, y esa
circunstancia debe alegarse expresamente en la acusación.

ID.—ERRORES QUE NO PERJUDICAN AL ACUSADO.—No constituye error perjudicial
para el acusado que implique la revocación de la sentencia, el hecho de haber
la corte sentenciadora declarado sin lugar la excepción de que una acusa-
ción por el delito de ataque con intención de cometer asesinato era insuficiente
por no alegarse expresamente en ella la intención premeditada de matar,
cuando, como en el presente caso, el acusado fué declarado culpable de aco-
metimiento y agresión con circunstancias agravantes.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogados del apelante: *Sres. Santiago Vivaldi* y *Miguel Guerra.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tri-
bunal.

El presente es un recurso de apelación interpuesto contra
sentencia de la Corte de Distrito de Arecibo condenando al
apelante Eloy Solares como autor de un delito de acometi-
miento y agresión con circunstancias agravantes, a sufrir la
pena de un año y seis meses de cárcel. La acusación, en lo
pertinente, dice así:

"El Fiscal formula acusación contra Eloy Solares por
un delito de *atentado contra la vida (felony)* cometido como
sigue: El citado Eloy Solares en el pueblo de Manatí, que
forma parte del distrito judicial de Arecibo, P. R., durante
las horas de la noche del día 23 de febrero de 1912, allí y
entonces, ilegal y voluntariamente y con malicia premeditada,
acometió y agredió a Juan Bonhome, haciéndole cinco dis-
paros con un revólver hiriéndole con cuatro de los mismos
en diferentes partes del cuerpo."

Se leyó la acusación al acusado y éste hizo la alegación de no culpable y solicitó juicio por jurado. Señalada la vista para el día 27 de noviembre de 1912, el acusado, por medio de sus abogados, en la misma fecha alegó por vía de excepción perentoria, que los hechos consignados en la acusación no constituían delito público. La corte desestimó la excepción.

Comenzó la vista y el acusado por medio de sus abogados alegó también por vía de excepción perentoria, que la acusación no aducía hecho suficientes para constituir el delito público comprendido en el artículo 218 del Código Penal. La corte desestimó de igual modo esta excepción.

Continuó el juicio, el jurado rindió su veredicto declarando al acusado culpable no de atentado a la vida, sino de acometimiento y agresión con circunstancias agravantes, y la corte dictó la sentencia condenatoria a que nos hemos referido anteriormente.

La prueba practicada no se ha incluído en el récord. La única cuestión envuelta en el recurso es la suscitada por las alegaciones del acusado hechas el 27 de noviembre de 1912, antes de comenzar y después de comenzado el juicio.

La primera, o sea la de que la acusación no aducía hechos constitutivos de delito público, está desprovista de todo fundamento. La segunda, más concreta, o sea, la de que los hechos consignados en la acusación no constituían el delito de atentado a la vida, prescrito en el artículo 218 del Código Penal, presenta una cuestión digna de estudio.

El artículo 218 invocado, es como sigue: "Toda persona que agrediere a otra, con intención de cometer asesinato, incurrirá en reclusión penitenciaria por un término de uno a quince años."

Asesinato, de acuerdo con el artículo 199 del Código Penal, es dar muerte ilegal a un ser humano con malicia premeditada. En tal virtud, para que se entienda perpetrado el delito a que se refiere el artículo 218, es necesario que la agre-

sión se verifique con la intención premeditada de matar, y esa circunstancia debe alegarse expresamente en la acusación.

Si examinamos la presentada en este caso, veremos que la intención de matar por parte del acusado, aunque pudiere deducirse de los términos en que está redactada la acusación, no se alegó expresamente como la buena práctica requiere, y que, por tanto, la corte de distrito debió haber declarado con lugar la excepción del acusado.

Al no hacerlo así es indudable que la corte erró, pero ¿fué el error por ella cometido de tal manera fundamental, que lleve consigo la revocación de la sentencia posteriormente dictada?

Consideremos todas las circunstancias del caso. El acusado, como hemos dicho, no fué condenado por atentado a la vida, sino por acometimiento y agresión con circunstancias agravantes, y para sostener este último delito la acusación presentada era a todas luces suficiente. De hecho, pues, la acusación quedó reducida a sus propios límites y el acusado no sufrió perjuicio de ninguna especie.

Se ha consignado en el alegato del apelante que el acusado fué perjudicado porque, atendida la naturaleza del delito perseguido, tenía derecho a que lo juzgara la corte municipal de su pueblo y no la corte de distrito. Esta Corte Suprema ha resuelto en varios casos que las cortes de distrito tienen jurisdicción concurrente con las municipales, para conocer de los delitos calificados *misdemeanors*, entre los cuales está comprendido el de acometimiento y agresión con circunstancias agravantes, y siendo esto así y habiendo decidido el Fiscal perseguir al acusado ante la corte de distrito y no ante la municipal, de nada puede quejarse el acusado.

El hecho de que interviniera un jurado en la causa, no puede estimarse tampoco como perjudicial al acusado, tanto más cuanto que fué el mismo acusado el que voluntariamente solicitó que lo juzgara un jurado. *Taffe* v. *State,* 16 Southeastern Reporter, 204.

Consideradas, pues, todas las circunstancias concurrentes,

debe concluirse que el error cometido por la corte no lesionó los derechos substanciales del acusado y no puede, en tal virtud, servir de base para la revocación de la sentencia dictada.

Al proceder así nos inspiramos, además, en lo dispuesto por el legislador en el artículo 461 del Código de Enjuiciamiento Criminal que dice:

"Ni el hecho de separarse de la forma prescrita por este código para cualquier alegación o procedimiento, ni el de que éste adolezca de algún error o equivocación, bastará para invalidarlo, a menos que real y efectivamente haya perjudicado al acusado o tienda a perjudicarle, en cuanto a algún derecho sustancial."

El recurso debe declararse sin lugar y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.